# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES LAWRENTZ,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0711** (BOR Appeal No. 2049045)
                  (Claim No. 2013005061)

**CONSTELLIUM ROLLED PRODUCTS RAVENSWOOD,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner James Lawrentz, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products Ravenswood, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 3, 2014, in which the Board affirmed a December 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 1, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lawrentz, a millwright, was exposed to asbestos in the course of his thirty years of employment with Constellium Rolled Products Ravenswood. He testified in a deposition that part of his job required him to remove asbestos when he had to work on heaters and fans. He stated that he had to use a hammer or a bar to pry it off and then swept it up and threw it away. This was a regular part of his job duties. He also testified that he worked as a maintenance laborer, which consisted of him cleaning up things, including asbestos. Additionally, he worked in the mason shop which required him to mix bags of pure, loose asbestos to put in furnaces.

1

In 1993, the Occupational Pneumoconiosis Board evaluated Mr. Lawrentz and found that he did not have occupational pneumoconiosis or permanent impairment. X-rays showed pleural thickening in the right mid lung zone as well as some profile pleural thickening bilaterally. There were irregular S/T type small irregular opacities in both mid and lower lung zones compatible with occupational pneumoconiosis. He was reevaluated in 2002 and determined to have 5% pulmonary functional impairment due to occupational pneumoconiosis. He had an exposure history of thirty-eight years, and an x-ray showed minimal irregular fibrosis unchanged from the 1993 x-ray.

Dominic Gaziano, M.D., evaluated Mr. Lawrentz on December 6, 2001. His note indicates that Mr. Lawrentz was exposed to asbestos in the course of his employment. He smoked one half of a pack of cigarettes a day from 1955 to 1965, and it was noted that he had a history of asbestosis. X-rays showed rounded and irregular opacities throughout all lung zones. Dr. Gaziano opined that Mr. Lawrentz had mixed dust pneumoconiosis, including asbestosis. He stated that due to the latency between exposure and asbestos-related disease, he was at increased risk of developing bronchogenic cancer, mesothelioma, and other cancers as well as deterioration of pulmonary function even in the absence of additional asbestos exposure. In April of 2012, Mr. Lawrentz was diagnosed with lung cancer and had his right upper lobe removed. The surgical pathology report indicated that he had an adenocarcinoma and emphysematous changes.

Joseph Renn, M.D., reviewed Mr. Lawrentz's records and opined that his chest radiographs show neither pleural plaques nor parenchymal changes that would be consistent with pneumoconiosis. Thoracic CTs showed no evidence of pleural calcifications or plaques and conventional CT scans performed at five millimeters showed no parenchymal changes. It was Dr. Renn's opinion that Mr. Lawrentz's occupational exposure was not a material, contributing factor in the development of his lung cancer. He stated that his seventeen to eighteen pack year history of cigarette smoking could have caused his lung cancer. He noted that the lung tissue showed emphysema. It was Dr. Renn's opinion that pneumoconiosis and asbestosis must be present before lung cancer can be attributed to asbestos exposure and asbestosis was not present physically, radiographically, or pathologically in this case. Also, there were no asbestos bodies found in the resected lung tissue. He concluded that the lung cancer should be attributed to the years of cigarette smoking and the development of emphysema beforehand.

John Craighead, M.D., also reviewed Mr. Lawrentz's medical records as well as pathological material. He opined that there is no evidence of pleural plaques, bilaterally symmetrical pleural thickening, or asbestosis on radiological studies of the chest. Dr. Craighead stated that the lung cancer was likely the result of cigarette smoking, though he could not rule out idiopathic development. He found no evidence that the cancer resulted from Mr. Lawrentz's occupational exposure. He stated that all epidemiological studies indicate that a heavy and prolonged exposure is required in order to demonstrate a link between cigarette smoking, asbestos exposure, and lung cancer. Mr. Lawrentz has no signs of asbestosis and therefore was likely not exposed to sufficient quantities of asbestos to cause lung cancer or contribute to lung cancer caused by cigarette smoking.

Mr. Lawrentz asserts that his occupational exposure caused his lung cancer and requested that the condition be held compensable. The claims administrator denied his request and rejected the claim on March 1, 2013. The Office of Judges affirmed the decision in its December 3, 2013, Order. It found that the surgical pathology report makes no finding of asbestosis, nor does it make a finding of the presence of asbestos bodies. The Office of Judges determined that while Mr. Lawrentz was clearly exposed to asbestos, he does not have a diagnosis of asbestosis. It stated that Dr. Renn opined that his occupational exposure was not a material, contributing factor in the development of his lung cancer. He opined that asbestosis must be present before lung cancer should be attributed to asbestos exposure. He also stated that asbestosis was not present in this case physically, radiographically, or pathologically. The Office of Judges further noted that Dr. Renn opined that there were no asbestos bodies found in Mr. Lawrentz's lung tissue, and since there was no asbestosis, his lung cancer should not be attributed to his occupational asbestos exposure. The Office of Judges agreed with Dr. Renn's findings. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 3, 2014.

On appeal, Mr. Lawrentz argues that the record shows he contracted asbestosis which progressed into lung cancer. He asserts that Dr. Gaziano's report clearly stated that he had developed mixed dust pneumoconiosis including asbestosis. Constellium Rolled Products Ravenswood argues that the only evidence of record linking the cancer to Mr. Lawrentz's occupational exposure is the application for benefits which fails to provide supporting evidence. It asserts that Dr. Gaziano's report predated the cancer diagnosis by ten years and is speculative.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that while Mr. Lawrentz was exposed to asbestos in the course of his employment, he does not have asbestosis. In the absence of occupational pneumoconiosis and asbestosis, Mr. Lawrentz's lung cancer cannot be causally attributed to his occupational exposure.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II